No. 714

ZONARS v. ZONARS

Ohio Appeals, 2nd Dist., Montgomery Co.

No. 277. Decided July 21, 1925

**413. DIVORCE AND ALIMONY—1. Charge of recrimination in divorce suit is within discretion of trial court and decree should not be reversed on such charge unless there has been an abuse of discretion.**

**2. Conduct of a husband being unjustifiable upon moral grounds, does not necessarily constitute a recrimatory charge sufficient of itself to defeat a decree.**

**3. Where husband is persecuted by wife, her complaints being groundless and malicious, and the effect is to destroy his business and wreck his fortune, a court might upon that ground alone find extreme cruelty.**

ALLREAD, J.

Charles Zonars brought his action for divorce in the Montgomery Common Pleas against Aglaia Zonars, seeking to obtain a decree in his favor on three grounds. The first was that the marriage was celebrated in Greece, that according to Grecian law the marriage was void because both parties were related within the fifth degree and that a decree was had in the Grecian Courts, declaring the marriage void ab initio.

The second cause of action charged gross neglect of duty and the third alleged extreme cruelty based upon certain course of conduct by the wife to harass and annoy the husband and to ruin him in his business. The wife denied that the parties were within the prohibited degrees of consanguinity under the Grecian law, denied jurisdiction of Grecian courts, and set forth various acts of a recriminatory nature. It appears that Charles Zonars, after coming to this country from Greece, returned to his native land to marry according to Grecian law and custom. The plaintiff and defendant were personally acquainted with each other for a period of fifteen days prior to the marriage. They returned to America after the marriage and after living together for nearly a year, the wife returned to Greece for medical treatment, Charles Zonar notifying her that he would not live with her. The lower court rendered a decree and judgment ordering the divorce sought for. Error was prosecuted and the court held:

1. The judgment obtained in Greece has no validity here. The weight of the evidence showed that they lived together in this country and the marriage would be valid here. The decree in the Grecian courts would not be binding here because both parties had their domicile in this country at the time the proceedings were entered in Greece, and at the time the decree was rendered by the Grecian courts.

2. The wife was not justified in starting and carrying on a campaign of persecution against the husband, causing him great vexation, annoyance and great financial loss.

3. Where persecution of this nature is groundless and malicious, intended to destroy the husband's business and wreck his fortune, a court might upon that ground alone find extreme cruelty.

4. Cruelty is not confined to acts of physical violence, but may include a course of conduct such as is represented in this case.

5. The nature of a recriminatory charge and the matter adduced thereon is a matter, to some extent, within the discretion of the trial court, and a decree of divorce should not be reversed in a reviewing court upon such charge unless there is an abuse of discretion.

6. The conduct of the husband in sending the wife to Greece for medical treatment and at the same time notifying her of the termination of their marital relations, is difficult to justify upon moral grounds, but such acts do not necessarily constitute a recriminatory charge sufficient of itself to defeat a divorce decree.

7. The trial court having found existence of proof of one or more grounds for divorce set forth in the statutes, and the inability of this court to find the decree contrary to the weight of the evidence the judgment of the lower court is affirmed.

Judgment affirmed.

Attorneys—Burnham & Snyder and Mattern, Brumbaugh & Mattern for Aglaia Zonars; Sigler & Denlinger for Charles Zonars; all of Dayton.