475. ESTOPPEL.
See 723 Life Insurance. Rustin, Exr. etc. v. Prudential Ins. Co., OA. 6 Abs. 287.

661. INTOXICATING LIQUOR.
See 936 Possession. Akers v. State, OA. 6 Abs. 295.
See 936 Possession. Crabtree v. State, OA. 6 Abs. 285.

705. LARCENY.
York v. State, OA. 6 Abs. 283.

708. LEASEHOLD ESTATES.
See 273 Condemnation Proceedings. Fink v. Spetnagel, OA. 6 Abs. 291.

723. LIFE INSURANCE.
Rustin, Exr. etc. v. Prudential Ins. Co., OA. 6 Abs. 287.

775. MISTAKE.
See 448 Elections—Political. State ex Campbell v. Dill, OA. 6 Abs. 290.

799. MUNICIPALITIES.
See 973 Public Utilities. Columbus Bd. Ed. v. City of Coumbus, OA. 6 Abs. 288.

829. NEGLIGENCE.
See 1283 Workmen's Compensation. Ewers, Admx. v. Buckeye Clay Pot Co., OA. 6 Abs. 284.

923. PLEADINGS.
Oldham v. Oldham, OA. 6 Abs. 282.
Hornback et v. Sabin Robbins Paper Co., OA. 6 Abs. 289.

936. POSSESSION.
Akers v. State, OA. 6 Abs. 295.
Crabtree v. State, OA. 6 Abs. 285.

941. PRACTICE AND PROCEDURE.
See 923 Pleadings. Oldham v. Oldham, OA. 6 Abs. 282.
Rustin, Ext. etc. v. Prudential Ins. Co., OA. 6 Abs. 287.

973. PUBLIC UTILITIES.
Columbus Bd. Ed. v. City of Columbus, OA. 6 Abs. 288.

997. REAL ESTATE.
See 1261 Water & Watercourses. Greene v. Wilson Sand & Supply Co., OA. 6 Abs. 294.
See 273 Condemnation Proceedings. Fink v. Spetnagel, OA. 6 Abs. 291.

1100a. STARE DECISIS.
Columbus Bd. Ed. v. City of Columbus, OA. 6 Abs. 288.

1105. STATUTE OF FRAUDS.
Penrod v. Burley, OA. 6 Abs. 285.

1159. TAXES AND ASSESSMENTS.
DeArmond, Tee v. City of Hamilton, OA. 6 Abs. 292.

1231. VENUE.
See 705 Larceny. York v. State, OA. 6 Abs. 283.

1235. VERDICTS.
Kimball et v. Baker, OA. 6 Abs. 286.

1261. WATER & WATERCOURSES.
Greene v. Wilson Sand & Supply Co., OA. 6 Abs. 294.

1273. WITNESSES.
See 941 Practice & Procedure. Rustin, Exr. etc., v. Prudential Ins. Co., OA. 6 Abs. 287.

1283. WORKMEN'S COMPENSATION.
Ewers, Admx. v. Buckeye Clay Pot Co., OA. 6 Abs. 284.

### EPITOMIZED OPINIONS
### Published only in the Abstract

#### OLDHAM v. OLDHAM.

Ohio Appeals, 2nd Dist., Franklin Co.

No. 1637. Decided Oct. 4, 1927.

First Publication of This Opinion.

Syllabus by Editorial Staff.

923. PLEADINGS—941. Practice and Procedure.

In reviewing court, petition should be favorably considered. After plaintiff in error has joined issue upon pleaedings and gone to trial, reviewing court should not, for mere technical reasons, hold petition insufficient.

413. DIVORCE AND ALIMONY.

Extreme cruelty may be established by continued wrongful and oppressive conduct. Physical violence not essential.

Error to Trial Court.
Judgment affirmed.

L. B. Tussing, Columbus, for plaintiff in error.

Horace S. Kerr, Columbus, for defendant in error.

#### STATEMENT OF FACTS.

Garnett Oldham was plaintiff below. She brought suit for divorce, alimony and division of property. She charged extreme cruelty and gross neglect of duty. The defendant, William B. Oldham, denied the plaintiff's charges and, by a cross-petition, sought a divorce upon charges of extreme cruelty.

The trial court granted, to the plaintiff below, a divorce upon the grounds of extreme cruelty, made a division of the property and granted alimony.

The defendant below prosecutes error.

BY THE COURT.

"Counsel for the plaintiff in error contends (1) that the petition is not sufficient to sustain the decree of divorce and (2) that the evidence is insufficient.

The petition charges extreme cruelty in the language of the statute.

No motion was made to make the specifications more definite and certain, nor was there any demurrer or other objection made to the sufficiency of the petition. The defendant answered and went to trial upon the pleadings.

In a reviewing court the petition should be favorably considered. After the plaintiff in error himself has joined issue upon the pleading and gone to trial, a reviewing court should not, for mere technical reasons, hold a petition insufficient.

Taking the petition as a whole, and considering it liberally, we are of opinion that it is sufficient when challenged in the reviewing court.

Counsel for the plaintiff in error, in a very earnest and able argument, offers a definition for extreme cruelty which, in the main, may be accepted as correct. But we think it is clear

that physical violence is not essential in all cases but that extreme cruelty may be established in cases where there has been shown to be a series of wrongful and oppressive conduct by the party against whom the charges are made, where the same are constant and continuous for a series of years. In other words, what might not be extreme cruelty when the conduct is occasional, might become extreme cruelty when the same occurs constantly over a period of years.

The quarreling, so-called, as shown in the evidence of the plaintiff below and her witnesses, usually arose over expenses and was more or less constant and continuous. Naturally they tended to irritate the plaintiff below and cause her great unhappiness; and, according to her testimony and taking it for all it tends to prove, we think this conduct might fairly be held to be extreme cruelty. Such was the opinion of the trial court and a certain latitude is allowed to the trial court in divorce cases.

The record discloses that some differences arose between the plaintiff and defendant as to the churches which they attended. The defendant below attended the United Presbyterian Church; the plaintiff below attended the same church with her husband for some years, but finally she attended the Methodist Church nearby. One reason she gives for so doing is the fact that the Presbyterian Church was distant and that her husband refused her the use of the automobile so that she felt justified in attending the nearby church. In connection with this, the children attended the Methodist Sunday School and the daughter was active in the Methodist Sunday School and was Secretary of the Junior Department. The father, on one occasion, demanded that the children should accompany him to his church. They both objected. Strange to say, and almost incomprehensible, the father punished the daughter, then 16 years of age, and flogged the son. This would naturally shock the mother, and would almost, of itself, amount to extreme cruelty to the mother, although the punishment was inflicted upon the children. This circumstance, added to the other circumstances testified to by the plaintiff and her witnesses, would, in our judgment, be sufficient to sustain the decree of the court below.

As to the division of the property or the alimony, we are of opinion that the judgment of the trial court was not unreasonable, unfair or contrary to the weight of the evidence.

Finding no prejudicial error, the judgment is affirmed."

(Ferneding, Kunkle and Allread, JJ. concur.)