**FALKNOR, Plaintiff-Appellant v. FALKNOR, Defendant-Appellee.**

Ohio Appeals, Second District, Darke County.

No. 627.  Decided September 27, 1944.

Webb R. Clark, Dayton, for plaintiff-appellant.
Wilbur D. Spidel, Greenville, for defendant-appellee.

SHERICK, J., of the Fifth District sitting by designation in place of BARNES, P. J.

**OPINION**

By HORNBECK, J.

This is an appeal from an order of the Common Pleas Court dismissing plaintiff's petition for divorce. Plaintiff charged gross neglect of duty and extreme cruelty against his wife. She cross-petitioned with like charges. The trial judge heard the testimony and refused to grant a decree to either. No cross-appeal is prosecuted.

A somewhat extended brief is filed on behalf of the plaintiff in which it is urged that both causes of action set forth in plaintiff's petition were clearly established and the factual situation as claimed to have been developed by the evidence is set forth and elaborated.

The difficulty with the appellant's case is that in his brief the evidence is construed in its most favorable light in his behalf. This is not permissible upon the order here which was against the appellant. In the situation thus presented, every reasonable intendment must be indulged to support the judgment of the trial court. **McHugh v State, 42 Oh St 154.** So that, instead of taking the evidence in the most favorable light as brought out by the plaintiff in his testimony, it must be accepted in its most favorable aspect as testified by the defendant and her witnesses and all inferences in her favor are to be indulged to support the action of the trial court. Applying this principle of law to the testimony, we have no hesitancy in holding that we could not reverse this judgment as being manifestly against the weight of the evidence.

It is also urged that the trial judge drew unwarranted inferences as to the basic cause of the differences between the parties when he concluded that they probably originated with the change of employment of the husband. This change was from an earning capacity of about $16.00 per week to a maximum of about $60.00 a week. The first employment subjected the husband to none of the temptations which were to be found in his later environment as an essential war work employee. Whether or not the conclusion of the court from this

situation is warranted is not controlling as it is not prejudicial because not determinative of the ultimate question presented for decision, namely, whether or not there was a showing of gross neglect of duty or extreme cruelty on the part of the defendant.

The brief of appellant assumes that the proof established that the defendant did not do her necessary housework, did not take proper care of their child, that she cursed the plaintiff in private and in public, that she slapped him, that she threw salt in his eyes and water in his face and made untrue statements as to his morals. There is some support to all of these claims in the evidence produced by plaintiff but they must be considered in the light of the explanatory testimony of the defendant and her witnesses and of the provocation under which she acted. She and her witnesses stated that she did her washing and her housework, although her doctor says she was unable to do so. Even the sister, who was claimed to have been involved with the plaintiff in a questionable act, testified that the defendant did her own housework. There is proof that she cursed her husband in their quarrels but little if any to establish any cursing of him in public. It is established that she did, as she says, "flip a little salt in his eyes" whereas he says, it was a handful and she admits throwing some water in his face.

The principle cause of the difficulties between these parties was their jealousy of each other and from the record it is easily understood how each might have been jealous of the other. The trial court resolved all questions of claimed marital infidelity as not proven and found that the parties had conducted themselves properly in this respect. This is probably the correct conclusion of the whole matter.

However, the husband did permit situations to develop, the natural effect of which would create distrust in his wife. The statement of the wife's sister and the husband in the wife's presence respecting certain relations that may have occurred between them was highly improper and had the obvious effect, namely, to make the wife very jealous. The lipstick on the husband's shirt was never satisfactorily explained and this was not quieting to his wife's nerves. She, properly or improperly, believing that her husband might not be true to her evolved the idea that she would get even with him, whereupon she told a story which upon the record had no basis in fact and

this in turn upset the husband. However, the wife does not admit that she told the husband what he testifies and as she relates the occurrences they were not objectionable.

The wife according to the undisputed evidence was suffering during the difficulty from curvature of the spine, was highly nervous and in no state of mind or health·to meet the situations as they developed. The husband, at all times, knew of her condition of ill health although he may not have understood its serious nature. The husband was not as irascible or as tempermental as his wife but some of the notes which he wrote to her and which are in the record are, to say the least, incompatible with the concept that he, at all times, was conducting himself as a kind, considerate and dutiful husband.

We do not condone the misconduct of the wife nor can she be held up as a model housekeeper and her conduct is not at all commendatory. However, the situation which developed may well have been determined by the trial judge to have been mutually created and the effect thereof was not so marked as to justify a severance of the marital relations.

As we have indicated, upon the facts as the trial court had a right to find them, neither gross neglect of duty or extreme cruelty was established. There is, indeed, a very nice question which we are not called upon to decide, if all of the evidence was given its most favorable interpretation for the plaintiff, it would establish extreme cruelty.

We are cited to three cases, **Zonars v Zonars, 3 Abs 509; Oldham v Oldham, 6 Abs 282; and Green v Green, 9 O. Dec. Rep. 564,** all considering and discussing extreme cruelty, of what it is constituted and essential proof to establish it. The first two cases are too sketchy, as reported, to be of any assistance. It is peculiarly true of divorce cases that they are to be adjudicated in the light of the facts appearing in each case. A quotation is made from the opinion in **Green v Green, supra, at page 565:**

"I think the true rule to be: That if the conduct of the husband, or wife, by acts of commission, as distinguished from mere omissions, is such toward the other as to seriously impair the bodily or mental health, or endanger life, **or such as substantially destroys the legitimate ends and objects of the**

**marriage relation,** it constitutes 'extreme cruelty' under our statute."

We seriously doubt if that part of the quotation emphasized is a correct statement of the law touching the necessary proof to establish extreme cruelty. Such language could be used and given application to any ground of divorce under the statute and certainly may not be restricted to extreme cruelty only. The syllabus of the case more properly states the law as to the essentials of extreme cruelty in this language:

"To make a case of extreme cruelty under our divorce statute, it is not necessary that the facts shall show 'personal violence' or 'bodily harm,' or 'reasonable ground to apprehend it if cohabitation should continue.' Mental suffering, if impaired health result therefrom, either mentally or physically, as the result of profane and abusive language, or from charges of a want of chastity, made in the presence of, or coming to the hearing of the party complaining, that were made to others, is sufficient."

The requisites set out in this headnote are not found in the testimony of the plaintiff in this case. The citation from Thorpe v Thorpe, Wright, Page 763, has no application here because there is no finding of fact by the trial judge which would permit us to hold that there was any proof of undue intimacy of the defendant with any man. Upon the other hand the trial judge found to the contrary.

Upon this record it is highly probable that neither the plaintiff nor the defendant had any substantial basis for the jealousy which no doubt was the principle cause of most of the difficulty which resulted in their separation. The trial judge acted very properly in giving them an opportunity to resume the marital relationship and to appreciate their obligations not only to each other but to the child who is entitled to a home wherein the father and the mother are both doing their full part.

Judgment affirmed.

GEIGER and SHERICK, JJ., concur.