**SUHR, Plaintiff-Appellee, v. SUHR, Defendant-Appellant.**

Ohio Appeals, Second District, Montgomery County.

No. 1906.   Decided December 24, 1946.

Samuel J. Gerson, Dayton, for Plaintiff-Appellee.
C. J. Stoecklein, Dayton, for Defendant-Appellant.

## OPINION

By HORNBECK, P. J.:

This is an appeal on questions of law from a judgment of the Common Pleas Court awarding a divorce to the plaintiff on the grounds of extreme cruelty, awarding custody of two minor children to the plaintiff and requiring defendant to pay the sum of $14.00 per week for the support of the minor children.  The decree further awarded to the plaintiff real estate which was in their joint names, household furnishings, money in the bank, and a 1940 Chevrolet automobile.  The defendant was awarded a 1938 Plymouth automobile.

Several errors are specifically assigned but they are all directed to the proposition that the decree should not have been granted to the plaintiff at all, and especially that there is insufficient proof of the grounds of extreme cruelty and that the property division is manifestly inequitable and unfair to the defendant.

It is argued, although we do not understand that it is urged as fatal to the cause of action, that the petition does not set forth any facts upon which a charge of extreme cruelty could be predicated, citing Kohn v Kohn, Wright Reports 563.

It is true that the petition is faulty and would have been subject to motion to make definite and certain but as this was not done and the parties went to trial on the pleadings as framed, it is too late to urge the deficiency on appeal. **Oldham v Oldham, 6 Abs 282; Seibel v Seibel, 30 Oh Ap 198.**

We have read this record in its entirety and are confronted with a typical case wherein the evidence in behalf of the respective parties cannot be reconciled.

There is no separate findings of fact and law and we have but the general finding of the trial judge and must accept the record in its most favorable interpretation for the plaintiff. So doing, there is factual support for the decree as entered.

Extreme cruelty in Ohio does not require physical violence but such conduct as wounds the feelings to such an extent as to cause an impairment of mental or physical health. Green v Green, 9 O. Dec. Rep. 564. A constant and continuous course of wrongful and oppressive conduct by one party against the other. Oldham v Oldham, supra. Such acts and conduct as will render the marital relation intolerable if accompanied by impairment of physical well being. Stark v Stark, 28 O. N. P. (N. S.) 36, **8 Abs 287.**

There is some testimony of physical violence on the part of the husband toward the wife but no corroboration thereof. It may, however, be fairly said that the record supports the conclusion that during the whole period of the marital life of these parties the husband did not assume the obligations which commonly are met by the head of the household. In the earlier years of their marriage he did not work at all, worked indifferently or earned little money. From 1940 to the time of the separation it could not be said that he did not earn what he was reasonably capable of producing. Particularly, he showed no concern in the welfare of his wife, no affection for her nor for his children, never addressing them by their given names but when he did call them he would address either one of them as "Hey, boy." He was critical of his wife and her business connections and nagged her almost continually.

Plaintiff was ambitious, aspired to success economically and was recognized as a capable business woman. There is little doubt that for a considerable part of the married life it was absolutely necessary that she work to produce enough money for the support of herself, her husband and the children, and she did work during most of the married life. When the first boy was born, she worked until three weeks before the birth and returned to her place of employment within three months thereafter. Although the husband turned his paychecks over to his wife, she was required to do all the buying for the family, including clothes for the children and, in the main, to make certain that they were sent to school and taken care of upon their return therefrom.

There is some testimony of inordinate or improper sex relations but as to this there is no corroboration.

It appears that eventually plaintiff did have a nervous breakdown, was in the hospital for a short time, under the care of a doctor for many weeks and at the time of the trial would be required to have medical attention for at least three months more. It is fairly inferable that this state of health was the result of a course of conduct and acts on the part of the husband, some of an affirmative nature, to which we have referred, and many of a negative character wherein he would refuse to assist or co-operate with a wife who was making every effort to get ahead.

Upon the correctness and propriety of the award, it may fairly be said that all the husband produced and more was, in probability, used for support of himself, wife and family and that any property that was acquired must have come from the earnings and efforts of the plaintiff. This had reached a considerable sum. That the wife was entitled to it is well within the evidence because it is the obligation of the defendant to support and care for his family.

In the summation which we have made, we are not unmindful of the fact that had the court found against the plaintiff we could have supported that conclusion because some of the testimony of the witnesses for the defendant, if true, was very damaging to the good faith and good reputation of the plaintiff but manifestly the trial judge resolved it against the defendant as he had the right to do.

It is suggested in the brief of appellant that because of the judgment and decree or because of its indefiniteness, the plaintiff has retained many articles of wearing apparel, the personal property of the defendant and they are specifically set forth. Manifestly, all of these articles set out on page one of appellant's brief, should be retained by him and if there is any controversy respecting them the judgment of affirmance

may include a modification of the award so that these articles of personal property will be specifically awarded to the defendant.

Judgment affirmed.

WISEMAN and MILLER, JJ, concur.